IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>RAUSHI J. CONRAD, )<br>)<br>Defendant ) | No. 1:16-CR-169<br><br>The Honorable Gerald Bruce Lee<br><br>Sentencing: September 8, 2017 |

**GOVERNMENT'S MOTION FOR PRELMINARY ORDER OF FORFEITURE**

The United States of America, by and through its counsel, and pursuant to Fed. R. Crim. P. 32.2(b)(2), respectfully moves the Court to enter a preliminary order of forfeiture as to defendant RAUSHI J. CONRAD ordering forfeiture in the amount of $224,533.75.

**Procedural Background**

On July 28, 2016, a grand jury indicted CONRAD with one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371, and one count of acceptance of bribes by a public official, in violation of 18 U.S.C. § 201(b)(2)(A). The indictment further notified the defendant that, if convicted of the crimes alleged in the indictment, the United States would seek forfeiture of any proceeds obtained as a result of the offense, and that if property subject to forfeiture could not be located, the government would seek an order forfeiting substitute property in the form of a money judgment. Dkt. No. 1.

The case proceeded to trial before a jury beginning on June 12, 2017. Dkt. No. 89. On June 15, 2017, a jury convicted the defendant of both counts in the indictment. Dkt. No. 94.

During the trial, the government presented evidence that the defendant obtained $224,533.75 in proceeds in the form of bribes that he received during and in furtherance of the bribery conspiracy. The bribes accepted by the defendant came in three forms. First, the

defendant accepted $208,000 in secret bribe payments from James Bedford's company to a fast-food chicken business that CONRAD operated in addition to his job working at the Department of Commerce ("DOC"). See GX 601. As the evidence at trial showed, neither CONRAD nor his business performed any services or supplied any goods to Bedford's company to earn any of this money. The evidence further showed that CONRAD attempted to conceal the corrupt nature of these bribe payments by creating false and fictitious invoices claiming that his business had performed "Engineering Services" or "Support Services" in exchange for the payments. But as CONRAD and Bedford both knew, no work was ever done, and the fake invoices were simply a vehicle to attempt to conceal their corrupt bargain.

Second, CONRAD accepted additional bribes in the form of $7,821.75 worth of free renovation work performed at his private residence in the Spring and Summer of 2011. GX 601. This work was performed by various subcontractors hired and paid for by Team America. The evidence at trial proved that CONRAD never paid the subcontractors, and never reimbursed Team America for this work performed at his house.

Third, CONRAD further accepted bribes in the form of an additional $8,712.00 worth of free labor performed by employees of Team America to renovate CONRAD's private residence. The government proved these bribes through the testimony of Team America employee Charly Orellana-Nogales. See Ex. A attached hereto (transcript of testimony of Charly Orellana-Nogales); see also Ex. B attached hereto (spreadsheet quantifying free labor provided by Mr. Orellana-Nogales and other Team America employees to CONRAD). Accordingly, CONRAD obtained a total of $224,533.75 in bribery proceeds during his participation in the bribery conspiracy.

**Argument**

I.    **Forfeiture Is Mandatory**

Forfeiture is a mandatory element of the sentence to be imposed in this case. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c). More specifically, § 981(a)(1)(C) provides for the civil forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title)," or a conspiracy to commit the same, which includes bribery, in violation of § 201, and conspiracy to commit bribery, in violation of § 371. Section 2461(c) in turn provides that if a defendant is charged with an offense for which civil or criminal forfeiture is authorized, the United States may include notice of the forfeiture in the indictment, and if the defendant is convicted of the offense giving rise to forfeiture, "the court shall order the forfeiture of the property as part of the sentence in the criminal case . . . ." 28 U.S.C. § 2461(c).

The clear language of the aforementioned statutes makes forfeiture mandatory in this case. *See, e.g.*, *Alexander v. United States*, 509 U.S. 544, 562 (1993); *United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied, or broader words to define the scope of what was to be forfeited."); *United States v. Blackman,* 746 F.3d 137, 143 (4th Cir. 2014) ("The plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing."); *United States v. Louthian*, 756 F. 3d 295, 307 (4th Cir. 2014) (criminal forfeiture is mandatory); *United States v. Estrada,* 2014 WL 2320858, at *3 (E.D. Va. 2014) (following *Blackman*).

Forfeiture is mandatory even when the directly traceable proceeds of the offense have been dissipated and the United States seeks the forfeiture of substitute assets. *Blackman*, 746 F.3d. at 144 ("Imposing forfeiture on defendants who have divested themselves of their gains is therefore necessary to give full effect to the penal purposes of the forfeiture statute"; remanding to district court with instructions to enter forfeiture order in the amount of the proceeds of the offense). Also, Fed. R. Crim. P. 32.2(b)(1)(A) acknowledges that "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay."[1]

## II.   Forfeiture of Proceeds Is Appropriate

The United States is seeking forfeiture of the directly traceable proceeds of the offenses. "Such judgments would seem especially appropriate where physical assets derived from the [offense] are no longer traceable or available." *Blackman*, 746 F.3d at 145; *United States. v. Butler*, 578 F. App'x 178, 183 n.4 (4th Cir. 2014).

The United States must prove the amount of the forfeiture by a preponderance of the evidence. *Libretti v. United States*, 516 U.S. 29, 37-41 (criminal forfeiture is part of sentence and not a substantive element of offense); *United States v. Martin*, 662 F. 3d 301, 307 (4th Cir. 2011) (noting that "the government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence"); *United States v. Herder*, 594 F. 3d 352, 364 (4th Cir. 2010) ("The burden is on the government to establish, by a preponderance of the evidence, that the property at issue is subject to forfeiture.").

---

[1] Restitution is also a mandatory provision of the defendant's sentence in this case. Forfeiture and restitution are separate, mandatory components of most federal sentences. Restitution functions to compensate the victim, whereas forfeiture acts to punish the wrongdoer. Imposition of both penalties does not amount to a double recovery. *See Blackman,* 746 F.3d at 143. At sentencing, the government will seek an appropriate restitution order in this case.

The forfeiture amount may be based on a reasonable estimate of the proceeds derived. *See, e.g.*, *United States v. Roberts*, 660 F.3d 149, 165-66 (2d Cir. 2011) (forfeiture calculations may be based on "reasonable estimate"); *United States v. Iacaboni*, 363 F.3d 1, 7 (1st Cir. 2004) (forfeiture based on "reasonable and fair estimate"); *United States v. Jafari*, 85 F. Supp. 3d 679, 693-95 (W.D.N.Y. 2015) (calculation of forfeiture amount is not an exact science; court need not establish loss with precision but rather need only make a reasonable estimate of loss given available information).

Moreover, Fed. R. Crim. P. 32.2(b)(1)(B) provides that "[t]he Court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional information presented by the parties and accepted by the court as relevant and reliable." *See, e.g., United States v. Farkas*, 474 F. App'x 349, 360 (4th Cir. 2012) (under Rule 32.2(b)(1)(B), the court may base its forfeiture determination on evidence already in the record and on any additional evidence or information submitted).

The United States seeks a forfeiture judgment against CONRAD in the amount of $224,533.75. As the evidence at trial demonstrated, this amount is the total of all of the bribes that CONRAD accepted during and in furtherance of the bribery conspiracy. A forfeiture order in this amount therefore is necessary to disgorge the defendant of his ill-gotten gains.

### III. Procedure for Entering a Preliminary Order of Forfeiture

Finally, Rule 32.2(b)(1)(A) directs that the Court must determine what property is subject to forfeiture "[a]s soon as practical after a verdict or finding of guilty." However, "[i]f the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty." Rule 32.2(b)(1)(B). Rule 32.2(b)(2)(A) further directs that "[i]f the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture

setting forth the amount of any money judgment . . . and directing the forfeiture of any substitute property if the government has met the statutory criteria."

Here, the statutory criteria have been met. The government therefore respectfully requests that the Court enter the attached proposed preliminary order of forfeiture.

## Conclusion

For the foregoing reasons, the government respectfully requests that this Court enter a money judgment of $224,533.75 against the defendant, as set forth in the proposed Preliminary Order of Forfeiture submitted herewith.

                                  Respectfully submitted,

                                  Dana J. Boente
                                United States Attorney

By:        /s/
            Matthew Burke
            Jamar K. Walker
            Assistant United States Attorneys
            U.S. Attorney's Office
            2100 Jamieson Ave
            Alexandria, VA
            Phone: 703-299-3700
            Fax: 703-299-3981

## CERTIFICATE OF SERVICE

      I hereby certify that on August 22, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing A("NEF") to all counsel of record.

                                                   /s/
                                    Matthew Burke
                                    Assistant United States Attorney